FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
\* DEC 18 2008 \*
BROOKLYN OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

   Plaintiff,

  v.

EATON'S NECK FIRE DISTRICT,

   Defendant.
-----------------------------------------x

CIVIL ACTION NUMBER

COMPLAINT
JURY TRIAL DEMANDED

PLATT, J.

WALL, M.J.

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621 et seq., to correct unlawful employment practices on the basis of age and to provide appropriate relief to Charging Party, Peter Farrell, and other similarly situated employees of Defendant Eaton's Neck Fire District, or in the case of deceased individuals like Mr. Farrell, to his beneficiaries, heirs, estates or others who would receive or inherit an interest under applicable survivorship laws or proceedings (hereinafter "claimants"). The Equal Employment Opportunity Commission ("EEOC") alleges that Defendant refused to allow firefighters age 65 and older to accrue credit towards a "length of service award benefit" in the Eaton's Neck Fire Department Length of Service Award Program ("LOSAP") because of their age.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Section 16(c) of the Fair Labor Standards Act of 1938 (the

"FLSA"), as amended, 29 U.S.C. § 216(c), and Section 17 of the FLSA, 29 U.S.C. §217.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of New York.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission (the "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. §626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.  At all relevant times, the Eaton's Neck Fire District has continuously been a public corporation within the State of New York.

5.  At all relevant times, the Eaton's Neck Fire District has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. §630(b).

6.  At all relevant times, the Eaton's Neck Fire District has continuously been doing business in the State of New York and the County of Suffolk, and has continuously had at least 20 employees.

7.  At all relevant times, the Eaton's Neck Fire District has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§630(b), (g) and (h).

## CONCILIATION

8.  Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the

meaning of Section 7(b) of the ADEA, 29 U.S.C. §626(b).

## STATEMENT OF CLAIMS

9. Since at least October 16, 1992 (the effective date of the Older Workers' Benefit & Protection Act – "OWBPA"), and continuing since, the Eaton's Neck Fire District has engaged in unlawful employment practices in violation of Section 4(a) of the ADEA, 29 U.S.C. §623(a).

10. Pursuant to New York State law, fire districts may establish a "Length of Service Award Program" ("LOSAP") in which volunteer firefighters earn "service award credit" toward a "service award," a benefit payable when firefighters retire. New York General Municipal Law §§214-219A.

11. A LOSAP can only be adopted, amended, and/or terminated by a referendum of the voters of each community covered by the fire district.

12. Pursuant to state law, fire districts and/or departments adopting a LOSAP must establish an "entitlement age" at which firefighters become eligible for benefits; the entitlement age cannot be earlier than age 65 or later than the age at which the participant can receive an unreduced benefit under Title II of the Social Security Act, i.e., age 65. New York General Municipal Law §215(4).

13. Prior to January 1, 1991, the voters of the Eaton's Neck Fire District approved a referendum adopting a LOSAP for the Eaton's Neck Fire District firefighters (the "Eaton's Neck LOSAP").

14. Since at least January 1, 1991, the entitlement age for the Eaton's Neck LOSAP has been age 65.

15. Since at least January 1, 1991, and continuing through December 31, 2005,

3

Eaton's Neck Fire District firefighters age 65 and older, including but not limited to Mr. Farrell, could not earn service award credit in the Eaton's Neck LOSAP, because of their age, in violation of the ADEA.

16. Effective January 1, 2006, Defendant amended the Eaton's Neck LOSAP to allow firefighters to earn service award credit without regard to age. However, the Eaton's Neck Fire District did not provide that firefighters who turned 65 prior to January, 2006 would receive service award credit for service prior to January 2006, in violation of the ADEA.

17. The effect of the practices complained of in paragraphs 9 through 16 above has been to deprive Charging Party, Mr. Farrell, and the additional claimants, of equal employment opportunities and otherwise adversely affect their eligibility to receive employee benefits because of their age.

18. The claimants are Eaton's Neck firefighters who turned 65 prior to January 1, 2006. In addition to Charging Party Mr. Farrell, the other claimants currently known to EEOC include the following individuals: Arnold Albin, Arthur H. Angst, Richard H. Baer, Walter Roy Beach, Donald W. Beyer, Patricia Brumm, Donald Clement, Richard A. Deters, Henry T. Dietrich, John Fraser, Roy Healy, Robert Marshall, Andrew Mastronardi, Julius Peltz, George Schombs, Richard H. Taylor and Paul Westenberger.

19. The unlawful employment practices complained of in paragraphs 9 through 16 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. §626(b).

**PRAYER FOR RELIEF**

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Eaton's Neck Fire District, its officers, successors, assigns and all persons in active concert or participation with it, from

discriminating against employees age 65 and over on the basis of age, and any other employment practice which discriminates on the basis of age.

B.  Order the Eaton's Neck Fire District to institute and carry out policies, practices and programs which provide equal employment opportunities and benefits for older individuals, and which eradicate the effects of its past and present unlawful employment practices.

C.  Grant an order requiring the Eaton's Neck Fire District to refrain from the practice of refusing to allow firefighters age 65 and older from becoming members of the Eaton's Neck LOSAP and refusing to allow firefighters age 65 and older to accrue credit toward a service award.

D.  Grant a judgment requiring the Eaton's Neck Fire District to award firefighters affected by Defendant's illegal policies credit toward a service award in an appropriate amount to be determined at trial.

E.  Grant a judgment requiring the Eaton's Neck Fire District to pay an appropriate service award in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest, to firefighters whose service awards were reduced as a result of the acts complained of above.

F.  Order the Eaton's Neck Fire District to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to service award credit resulting in increased payments to the Charging Party and to the additional claimants.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: December 18, 2008  
New York, New York

Respectfully submitted,

Ronald S. Cooper  
General Counsel

James L. Lee  
Deputy General Counsel

Gwendolyn Young Reams  
Associate General Counsel

U.S. EQUAL EMPLOYMENT  
OPPORTUNITY COMMISSION  
131 M Street, NE  
Washington, DC 20507

_____  
Elizabeth Grossman  
Regional Attorney

_____  
Robert Rose  
Supervisory Trial Attorney

_____  
Sunu P. Chandy  
Senior Trial Attorney

U.S. EQUAL EMPLOYMENT  
OPPORTUNITY COMMISSION  
New York District Office  
33 Whitehall Street, 5th Floor  
New York, New York 10004  
Telephone No: 212-336-3706  
Facsimile No.: 212-336-3623  
E-mail Address: sunu.chandy@eeoc.gov